**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LARRY DEAN MCCAIN, II,** )<br>)<br>   **Petitioner,** )<br>)<br>v. )<br>)<br>**JUSTIN JONES, D.O.C. Director,** )<br>)<br>   **Respondent.** ) | Case No. 08-CV-0097-CVE-PJC |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2241 habeas corpus case filed by *pro se* Petitioner Larry Dean McCain, II. For the reasons discussed below, the Court finds that Petitioner's request for habeas corpus relief has been rendered moot by his release from imprisonment. As a result, the petition and any pending motion shall be declared moot.

*BACKGROUND*

Petitioner filed this action on February 21, 2008 (Dkt. # 1). At that time, he was incarcerated, serving a twenty-five (25) year "split sentence," with "eight (8) years to serve and the balance suspended," pursuant to a sentence entered in Washington County District Court, Case No. CF-2000-617. See Dkt. # 6, Ex. 2. The Court has previously found, see Dkt. # 4, that because Petitioner challenges the execution of his sentence rather than the validity of his conviction, this matter shall be adjudicated pursuant to 28 U.S.C. § 2241. Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000).

In his petition, Petitioner asserts that he "has a statutory right to eligibility for receipt of achievement credits after he has served 85% of his sentence, which were earned before this time, per 57 O.S. § 138(H)." See Dkt. # 2 at 2. More specifically, Petitioner contends he earned "approximately 220 credits when he completed Therapeutic Community on August 5, 2002; the

Literacy Program on June 28, 2003; Adult Basic Education on August 14, 2006; and received his G.E.D. on December 18, 2006." Id. Prison officials have refused to grant him these credits because they were earned before Petitioner served 85% of his sentence. Id. Petitioner indicates he sought relief by filing a grievance with prison officials, and by filing for mandamus relief in Oklahoma County District Court, Case No. CJ-2007-6818, and in the Oklahoma Court of Criminal Appeals ("OCCA"), No. MA-2007-967. Petitioner claims that a grant of the achievement credits he seeks would result in an earlier release date from prison.

On May 28, 2008, Petitioner filed a notice of address change (Dkt. # 13), in which he advises that he discharged his eight year prison sentence on May 16, 2008, and is "now serving his 17 year suspended sentence." Id. By Order filed August 6, 2008 (Dkt. # 14),[1] the Court determined that because Petitioner has been released from his term of incarceration to the suspended portion of his sentence, this action may be moot. As a result, the Court directed Petitioner to show cause why this action should not be dismissed as moot. See Dkt. # 14. On August 25, 2008, Petitioner filed his show cause response (Dkt. # 15).

## *ANALYSIS*

As explained in the prior Order, "[a]rticle III of the United States Constitution only extends federal judicial power to cases or controversies." United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under

---

[1] The Court notes that on pages 1 and 4 of the Order filed August 6, 2008, the Court erroneously stated that Petitioner is now serving "his mandatory term of parole" and on page 1 the Court erroneously stated that Petitioner's sentence included "seventeen (17) years to be served on probation." See Dkt. # 14. Those sentences are hereby corrected to read that Petitioner is now serving "his suspended sentence" and that his sentence included "seventeen (17) years suspended."

Article III, § 2, of the Constitution." <u>Aragon v. Shanks,</u> 144 F.3d 690, 691 (10th Cir. 1998). To satisfy the case or controversy requirement, the petitioner "must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (quoting <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990)). A § 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811 (10th Cir. 1997) (quoting <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 484 (1973)).

The relevant inquiry in this case is whether the petitioner is subject to collateral consequences adequate to meet the injury-in-fact requirement of Article III. <u>Spencer</u>, 523 U.S. at 7; <u>see also</u> <u>Gille v. Booher</u>, No. 00-6106, 2000 WL 1174612 (10th Cir. Aug. 18, 2000) (unpublished). Petitioner must "continue to have a personal stake in the outcome" of his case in order to satisfy the case or controversy requirement of Article III. <u>Spencer</u>, 523 U.S. at 7. In his petition, Petitioner seeks an award of achievement credits to shorten his period of DOC incarceration. He makes no challenge to the fact of his incarceration. His habeas corpus challenge is limited to the refusal of the Oklahoma Department of Corrections ("DOC") to award sentence credits earned during his term of incarceration. Because Petitioner has been released from incarceration to serve his suspended sentence, "his incarceration 'cannot be undone.'" <u>Gille</u>, 2000 WL 1174612, at *1 (quoting <u>Spencer</u>, 523 U.S. at 7-8). This case is moot unless a favorable decision from this Court would shorten the term of his suspended sentence.

In his show cause response (Dkt. # 15), Petitioner fails to demonstrate that a favorable decision by this Court would shorten the suspended portion of his sentence or to otherwise allege

any continuing consequence of the DOC's actions. Petitioner first alleges that mootness is defeated because he remains in DOC custody. Under the facts of this case, however, that allegation alone is insufficient because it fails to address any actual injury which could "be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7. Petitioner also states that "he has a clear legal right to eligibility for receipt of Achievement credits per 57 O.S. 138(H) and to continue satisfying additional requirements for a governmental tort claim for illegal custody." (Dkt. # 15). That statement amounts to argument supporting Petitioner's underlying claim rather than an assertion of any collateral consequence of DOC's actions. Lastly, Petitioner asserts that a finding in his favor "would affect numerous other inmates in the penitentiary system" and requests "injunctive relief requiring DOC to make all inmates sentenced under the 85% law eligible for receipt of previously earned achievement credits after they have served 85% of their sentence." (Dkt. # 15). The Court finds, however, that Petitioner's attempt to raise the rights of currently confined inmates is unavailing because "he is without standing to sue for the benefit of others." Birch v. Quinlan, No. 93-3220, 1993 WL 496918, at *1 (10th Cir. Dec. 3, 1993) (unpublished) (dismissing as moot habeas petition in which released inmate attempted to protect other prisoners from alleged wrongs).

Petitioner has failed to demonstrate collateral consequences affecting the duration of the suspended portion of his sentence. In addition, the Court has not discovered any cases which stand for the proposition that the length of a suspended sentence could in any way be affected by a retroactive application of good time credits. Because Petitioner does not have a concrete and continuing injury now that he has been released from imprisonment, there is nothing for this Court to remedy. Spencer, 523 U.S. at 7. Therefore, the Court concludes that Petitioner's habeas corpus action has been rendered moot by his release from incarceration to his suspended sentence. The 28

U.S.C. § 2241 petition for writ of habeas corpus shall be dismissed as moot. Any pending motion shall also be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **dismissed as moot.**

2. Respondent's motion to dismiss (Dkt. # 6) is **declared moot**.

3. This is a final order terminating this action

**DATED** this 28th day of August, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT